SATURNINA QUEVEDO Y ESTRADA, Plaintiff and Appellee, *v.* RAFAEL SEGARRA Y RAMÍREZ, Defendant and Appellant.

No. 4561.   Argued April 23, 1928.—Decided May 1, 1928.

*R. Ramírez Pabón* and *José E. Segarra* for the appellant.   *García Méndez & García Méndez* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In this case the District Court of Aguadilla, on November 15, 1927, rendered judgment for the plaintiff in an action for divorce brought by Saturnina Quevedo Estrada against Rafael Segarra Ramírez on the ground of abandonment. On December 22, 1927, the defendant appealed to this Supreme Court. On January 23, 1928, as appears from a certificate of the clerk of the District Court of Aguadilla, the time for presenting the transcript of the evidence expired and the stenographer of the court asked for an extension of ten days for that purpose. On February 3, 1928, the stengrapher presented the transcript. With respect to its approval it appears from the record that the appellant made a motion on February 14 of this year saying that his attorney, Rodolfo Ramírez Pabón, would return to Porto Rico on February 29, 1928, and asking that the approval of the transcript of the evidence should not be set until after that date, and the court granted the motion and set the 16th of March of the same year. It is well to mention here that Rodolfo Ramírez

Pabón and José E. Segarra appear of record as attorneys for the defendant.

Likewise it is proper to state that although the defendant first made a motion for a change of venue on the ground that he resided in Fajardo, on May 3, 1927, he withdrew that motion and answered the complaint and at the same time filed a counter-complaint setting up abandonment on the part of the plaintiff. On the date set for the trial the plaintiff appeared in court, but the defendant did not appear, and under these conditions the case was tried and the judgment was rendered.

We are now asked by the plaintiff to dismiss the appeal because the transcript of the evidence had been presented after the expiration of the extension granted by the court, and furthermore because the appeal is frivolous, as no question of law has been raised which could be considered and because the appellant did not appear at the trial.

The defendant opposed the motion and exhibited two certificates, one from the clerk of the court in relation to the motion for setting a day for the approval of the transcript subsequent to February 29 and the order of the court setting March 16, and another from the stenographer of the District Court of Aguadilla to the effect that in computing the extension of ten days he made the error of not taking into account that the month of January had 31 days.

Evidently the transcript was presented outside of the term. We are not convinced by the plea of error said to have been made by the stenographer, as there is no possible excuse for forgetting the number of days in a month.

We do not believe that in a case like this in which the defendant withdrew his motion for a change of venue and submitted himself to the jurisdiction of the District Court of Aguadilla, and in which the facts simply refer to the abandonment on the part of one of the spouses, it is allowable to raise on appeal questions of law which could and should have been raised in the District Court of Aguadilla.

In accordance with the law, with the rules of this court and with its jurisprudence this appeal should be dismissed.
The appeal is dismissed.